# CHARLESTON.

GENERAL MOTORS ACCEPTANCE CORPORATION *v.* J. C. CRAIG

(No. 6162)

Submitted April 17, 1928.     Decided April 24, 1928.

INTOXICATING LIQUORS—*Justice of Peace May Not Declare Confiscated, and Order Sold, Automobile Used in Transporting and Storing Contraband Liquors by Person Convicted; Purchaser of Automobile at Sale Pursuant to Order of Justice of Peace for Transporting and Storing Contraband Liquors Cannot Hold Possession Against True Owner (Const. art. 8, § 1; Code 1923, c. 32A, §§ 14, 32, as amended by Acts 1923, c. 29; Acts 1921, c. 112, § 53).*

A justice of the peace has no jurisdiction to declare confiscated to the state and order the sheriff to sell at public auction an automobile used for transporting and storing contraband liquors by a person who has been arrested, tried and convicted before said justice for a violation of the prohibition laws, under Chapter 29, Acts 1923. And the purchaser of a car at a sale made in pursuance of such order of sale cannot hold possession thereunder against the true owner.

(Intoxicating Liquors, 33 C. J. §§ 389, 397.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mercer County.

Detinue by the General Motors Acceptance Corporation against J. C. Craig. Judgment of *nil capiat,* and plaintiff brings error.

*Reversed; judgment entered for plaintiff.*

*H. E. De Jarnette,* for plaintiff in error.

LIVELY, JUDGE:

This action of detinue for recovery of possession of a second-hand Chevrolet car of the value of more than $100.00, was decided by the court in lieu of a jury, and judgment of *nil capiat* entered on May 25, 1927, from which judgment plaintiff prosecutes error.

The facts are stipulated. On September 1, 1926, a Chevrolet sales company sold the used car to Belcher for $381.00, $140.00 of which was paid in cash, and the remainder of $241.00 was to be paid in equal installments each month, extending over a period of ten months, the title remaining in the seller until the purchase price was paid. Some time later the sales company assigned and transferred the conditional sale contract to plaintiff, but Belcher never paid any of the deferred payments thereon. On September 26, 1926, Belcher was arrested, tried and convicted of transporting and storing liquors in the car, in the court of T. H. White, a justice of the peace of Mercer county, who declared the car forfeited, and by an order to the sheriff of the county directed him to advertise and sell the car under the provisions of section 14, chapter 32-A, Code, and after paying costs and making disbursements thereunder, make report to the justice. The sheriff executed the order and sold the car at public auction on October 14, 1926, to defendant J. C. Craig and delivered it to him. The parties agreed that the only question raised and submitted to the court was the jurisdiction and power of the justice to forfeit the car and direct it to be sold by the sheriff at auction, the plaintiff contending that the justice had no power to do so, and therefore the purchaser has no valid title, defendant asserting that the justice had such power and authority.

The jurisdiction and power of a justice of the peace are derived from statutory enactment. Judicial power is vested in justices of the peace under section 1, art. 8, Constitution, but the character and extent of that power is purely the result of legislative enactment. In determining a justice's jurisdiction resort must be had to the statute. The statute is the charter of a justice's judicial power not only as to the

class of cases which he may hear and determine, but as to
the procedure which he shall observe and follow. *Bigelow
v Stearns,* 19 Johns. (N. Y.) 39, 10 Am. Dec. 189. A jus-
tice has no power in civil cases (he had limited criminal pow-
ers at common law), except it be given by statute, and when-
ever he assumes jurisdiction and power not so given either
by express words or necessary implication, his acts in pur-
suance of such assumption are void. *Norfolk & Western Ry.
Co. v. Pinnacle Coal Co.,* 44 W. Va. 574; 41 L. R. A. 414.
Let us look to the statute, then, to see what power or authority
a justice has to confiscate and order a sale of an automobile
in which contraband liquors have been illegally transported
or stored. Section 32, chapter 32-A, Code 1923, as amended
by section 32, of chapter 29, Acts 1923, gives a justice con-
current jurisdiction with the circuit and other courts having
criminal jurisdiction for the trial of all misdemeanors arising
under the prohibition laws of the state. Upon conviction of
an offender the justice shall impose the fines and penalties
and commit him to jail as provided in section 53, chapter
112, Acts 1921; which said latter section (section 53, chapter
112, Acts 1921), provides a form of commitment to jail and
directs the convicted person to be worked on the county road.
In this section no power or authority for sale of property con-
fiscated because of use in transporting or storing of contra-
band liquors is found or even intimated, and it is provided in
the section that the prosecuting attorney or state commissioner
of prohibition has the right to elect whether the case shall
be tried before the justice or whether he shall hold a pre-
liminary hearing to determine whether the accused shall be
held for the grand jury. It is by section 14, chapter 32-A,
Code, as amended by chapter 29, Acts 1923, that automobiles
used for transporting or storing intoxicating liquors are de-
clared to be subject to seizure, forfeiture and confiscation by
the state, in which it is provided that the officer making the
seizure shall immediately make written report of the time and
place of seizure, inventory of property, articles and liquors
taken, one copy of which shall be delivered to the person from
whom the goods are taken, one copy filed with the circuit clerk,

and one forwarded to the state commissioner of prohibition; and if the officer be not the sheriff himself, he shall turn the property over to the sheriff and take receipt; and the sheriff shall hold the property until disposed of by the orders of the court having jurisdiction. The prosecuting attorney is then required to proceed at once against the person arrested in connection with the property so seized. The court upon conviction of the person arrested shall, unless good cause be shown by the owner, declare the property forfeited, and order it to be sold by the sheriff at public auction; ''whereupon *the clerk shall certify the court's order* to the sheriff who shall make sale, etc.,'' and out of the proceeds pay *bona fide* liens which may be established at the trial or by independent proceedings. It will be seen by casual inspection that the procedure for seizure, forfeiture and sale is inapplicable to the court of a justice of the peace, which is not a court of record. The court having jurisdiction for forfeiture and sale must have a clerk whose duty it is to certify the court's order of sale to the sheriff. And it will be noted that the prosecuting attorney is required to proceed against the person who has been reported by the officer to the circuit clerk as the person from whom the goods were taken. Innocent *bona fide* lien holders are accorded opportunity to protect their interest by formal proceedings in a court of record in which the priority of liens may be litigated. Statutes of seizure and confiscation are strictly construed and the method of procedure must be strictly followed. ''The forfeiture of property alleged to have been used in violation of the prohibition laws of a state, is a statutory proceeding, and the court does not acquire jurisdiction of the property except in the manner described in the statute.'' Huddy on Automobiles, (7th ed.), section 1313. The procedure in the statute clearly contemplates that upon seizure the property is placed under the jurisdiction of a court of record, and such court having acquired jurisdiction by force of law, cannot be ousted by any subsequent order of a justice of the peace, or for that matter by any other court.

Applying the rule of strict construction to this harsh and summary proceeding, we cannot but conclude that the legis-

lature never intended that a justice of the peace should have jurisdiction to declare forfeitures of this character and direct sales. It follows that the sale made on the order of the justice was without jurisdiction and is void. The judgment will be reversed, and judgment here will be entered which the trial court should have entered on the agreed facts, that is, for the plaintiff.

*Reversed; judgment entered for plaintiff.*